UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-cv-17-FDW

| | |
|---|---|
| CHARLES M. CASSELL, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU DAWKINS, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint filed under 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. §§ 1915; 1915A. Plaintiff filed a pending Motion to Proceed in Forma Pauperis with the Complaint, and on February 18, 2014, the Clerk of this Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account.

Pro se Plaintiff Charles M. Cassell, III, is a state court prisoner incarcerated at Alexander Correctional Institution. Plaintiff is a frequent filer of pro se lawsuits in this and other federal district courts. Plaintiff filed this action on January 30, 2014, naming as Defendants FNU Dawkins, identified as the Chief Physician at Alexander; FNU Guinn, identified as a physician's assistant at Alexander; and Alexander Correctional Institution. (Doc. No. 1 at 3). Plaintiff's Complaint is mostly illegible, and his allegations overlap allegations in another Section 1983 action that the Court recently dismissed under Section 1915(g). See, e.g., Cassell v. Dawkins,

5:14cv60 (W.D.N.C.) (filed on April 18, 2014, dismissed under Section 1915(g) on May 2, 2014). In both this action and in his other action in this Court, Plaintiff complains that Defendants deliberately stopped his Nebulizer treatment in an attempt to murder him; and that prison officials have tampered with his legal mail. Plaintiff also complains in this action that prison officials keep his cell extremely cold.

The provisions of 28 U.S.C. § 1915 are mandatory and define the degree and scope of this Court's initial review of Plaintiff's Complaint. See Crawford-El v. Britton, 523 U.S. 574, 596 (1998) (discussing the Prisoner Litigation Reform Act ("PLRA")). Section 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). At least three of Plaintiff's previous civil actions have been dismissed on the grounds that they were frivolous or failed to state a claim upon which relief may be granted. See, e.g., Cassell v. Dawkins, Order, Doc. No. 4 at 2-3, 5:14cv60 (W.D.N.C.) (citing cases). Thus, Plaintiff is subject to Section 1915(g)'s bar to filing civil actions under the PLRA without prepayment of the filing fee, unless he can show that he is under imminent danger of serious physical injury.

As the Court observed in Plaintiff's other action in this Court, Plaintiff's allegations regarding prison officials' alleged attempts to kill him are fantastical and delusional. Moreover, the Court finds that Plaintiff has not shown in the instant action that he is under imminent danger of serious physical injury as required by § 1915(g) of the PLRA. Therefore, pursuant to 28

U.S.C. § 1915(g), the Court will dismiss Plaintiff's Complaint without prejudice to his ability to re-file with prepayment of the full filing fee. Furthermore, Plaintiff is hereby warned that if he continues to file frivolous and/or meritless actions, the Court will not hesitate to impose a pre-filing review system and, ultimately, a pre-filing injunction to prevent Plaintiff from needlessly burdening the Court.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED without prejudice**.

2. The Clerk is directed to terminate Plaintiff's Motion to Proceed in Forma Pauperis, (Doc. No. 2), as no longer pending.

3. The Clerk is directed to terminate this case.

Signed: May 7, 2014

Frank D. Whitney
Chief United States District Judge